# EXHIBIT A

*State Court Pleadings*

# IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

RONALD D. MYERS, on behalf
Of himself and all others
Similarly situated,

    Plaintiff,

v.

                                        Civil Action: 18-C-30
                                        Judge: (B)

AVIAGEN TURKEYS, INC.,

    Defendant.

## SUMMONS

TO: AVIAGEN TURKEYS, INC.,
c/o Cogency Global Inc.
1627 Quarrier Street East
Charleston, WV 25311

IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Adrian Hoosier, II, Plaintiff's attorney, whose address is Lord Hoosier, PLLC, 225 Hale Street, Charleston, WV 25301**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 3/8/18

                                                                           Circuit Clerk

IN THE CIRCUIT COURT OF _____ GREENBRIER _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. _____
Judge: _____

**Plaintiff(s)**

RONALD D. MYERS, on behalf of himself and all others similarly situated,

vs.

**Defendant(s)**

AVIAGEN TURKEYS, INC c/o Cogency Global
*Name*

1627 Quarrier Street East
*Street Address*

Charleston, WV 25311
*City, State, Zip Code*

Days to Answer: 30
Type of Service: SOS

*Circuit Court Greenbrier Co., W. VA. Filed 2018 MAR -8 PM 4:35*

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2020

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: D. Adrian Hoosier II
Firm: Lord Hoosier, PLLC
Address: 225 Hale St. Charleston, WV 25301
Telephone: (304) 345-8030

[ ] Proceeding Without an Attorney

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 3 copies of complaint enclosed/attached.

Dated: 03 / 06 / 2018   Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 12/2015

# IN THE CIRCUIT COURT OF GREENBRIER COUNTY, WEST VIRGINIA

RONALD D. MYERS, on behalf
of himself and all others
similarly situated,

      Plaintiffs,

v.

Civil Action: 18-C-30

Judge: (B)

AVIAGEN TURKEYS, INC.,

      Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Ronald D. Myers brings the instant civil action against Defendant Aviagen Turkeys Inc. ("ATI"), on behalf of himself and a class of other persons similarly situated, for violations of the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, et seq. ("WPCA"), including ATI's practice of failing to timely pay Plaintiff, and other employees like him, earned wages due.

### Parties and Jurisdiction

1. Plaintiff Ronald Meyers Ronald Meyers is a resident of Greenbrier County and a citizen of the state of West Virginia.

2. The proposed Class, as further defined below, consists of all delivery drivers who are/were employed by Defendant ATI at its various locations who were not paid overtime for hours worked. Plaintiffs are entitled, pursuant to the Fair Labor Standards Act, 29 USC 216(b), to minimum wages and/or overtime pay and liquidated damages pursuant to the FLSA.

1

3. Defendant ATI is a corporation chartered for business in Greenbrier County, West Virginia. Defendant ATI is a supplier of turkeys and the class herein consists of employees who were employed by ATI and not paid overtime wages.

4. Jurisdiction and venue are appropriate in the Circuit Court of Greenbrier County, West Virginia. Plaintiff resides in County and Defendant conducts business in Greenbrier County.

## Factual Allegations

5. At all times relevant herein, Plaintiff was employed by Defendant ATI and acting within the scope of said employment.

6. Plaintiff had full-time employment as a delivery driver at ATI in Greenbrier County, West Virginia, until approximately September, 2015.

7. As delivery driver, Plaintiff was paid "straight time" and not overtime in violation of the Fair Labor Standards Act, 29 USC 216(b) and *W.Va. Code* § 21-5-1, *et seq.* and *WV CSR* § 42-5-1, *et seq.* ("FLSA" hereinafter).

8. ATI is not exempt from paying drivers overtime as the drivers are not "farm workers", are not permitted to "handle" the livestock, and do not work on the "farm". The class of drivers are required to have a valid CDL and transport products for ATI across state lines.

9. Upon information and belief, Defendant ATI's practice of failing to timely pay Plaintiff and others like him earned wages due was the result of a practice by Defendant ATI of not paying overtime wages to employees classified as drivers. Upon information and belief, this practice was longstanding and affected all of its operations in the State of West Virginia.

### Claim – Violations of the WPCA

10. Plaintiff re-alleges all prior paragraphs as though separately set forth herein.

11. Defendant ATI's failure to timely pay Plaintiff for wages he had earned by the performance of work directed by ATI violated *W.Va. Code* § 21-5-1, *et seq.* and *WV CSR* § 42-5-1, *et seq.*, and respective regulations.

12. For each and every occasion that Defendant ATI failed to timely pay Plaintiff for such aforementioned wages (overtime), ATI is statutorily liable to Plaintiff for the amount of such wages that were not paid when due, plus interest pursuant to *W.Va. Code* § 21-5-6 and liquidated damages pursuant to § 21-5-4(e) of the WPCA.

13. Should Plaintiff prevail in this matter, Plaintiff is entitled to recover his costs, including reasonable attorney fees, pursuant to § 21-5-12 of the WPCA.

14. ATI has violated *W.Va. Code* § 21-5-1, *et seq.* and *WV CSR* § 42-5-1, *et seq.* by failing to timely pay overtime wages when due.

15. Plaintiffs are entitled to three times all wages due for violations up to July 15, 2015, and two times all wages due that were earned on or after July 15, 2015 to present date.

### Claim – Violations of the FLSA

16. Plaintiff re-alleges all prior paragraphs as though separately set forth herein.

17. Defendant ATI's failure to timely pay Plaintiff for wages he had earned by the performance of work directed by ATI violated the FLSA.

18. For each and every occasion that Defendant ATI failed to timely pay Plaintiff for such aforementioned wages (overtime), ATI is statutorily liable to Plaintiff (and other class members) for the amount of such wages that were not paid when due, plus interest pursuant to the FLSA.

19. Should Plaintiff prevail in this matter, Plaintiff is entitled to recover his costs, including reasonable attorney fees, pursuant to the FLSA.

20. ATI has violated the FLSA by failing to timely pay overtime wages.

21. Plaintiffs are entitled to all wages due for violations from the date of the inception of the practice to not pay overtime wages to present date as this is a "continuing violation".

22. Plaintiffs have been harmed by the actions and inactions of ATI and but for the "willful violations" of the FLSA Plaintiffs would not have been harmed.

### Class Allegations

23. Plaintiff re-alleges all prior paragraphs as though separately set forth herein.

24. Plaintiff seeks to represent a Class of persons defined as follows: All persons employed as delivery drivers (or similar positions) by Defendant ATI at its West Virginia locations from 10 years prior to the date of filing of this Complaint (or from such other date prior to the filing of this Complaint determined by the Court to be governed by the statute of limitations) who failed to receive pay, failed to receive timely pay overtime pay by Defendant ATI in violation of the WPCA and for the FSLA.

25. Upon information and belief, there are in excess of 250 putative Class members in the proposed Class, such that the proposed Class is so numerous that joinder of all members is impracticable.

26. The members of the proposed Class will be readily ascertainable from the records of the Defendant when discovery commences herein. It will be easy to determine which delivery drivers/employees employed by Defendant who worked hours based upon employee numbers, hours worked, and payroll deductions.

32. A class action may be maintained, as set forth above, because the Defendant has acted or refused to act on grounds generally applicable to the putative Class, thereby making appropriate final injunctive relief, including, but not limited to, an order enjoining the Defendant from engaging in the aforementioned conduct in the course of its business in the future. Thus, a class action may be maintained under W.VA.R.CIV.P. 23(b)(2).

33. A class action may also be maintained because, as noted above, the many questions of law and fact that are common to the class clearly predominate over questions, if any, affecting only individual members of the putative Class, and a class action is superior to other available means, such as traditional tort actions, for the fair and efficient adjudication of the controversy. Thus, a class action may also be maintained under W.VA.R.CIV.P. 23(b)(3).

### Prayer for Relief and Demand for Jury Trial

WHEREFORE, the Plaintiff, individually, and as the proposed Class representative, prays for the following relief:

A. That the Court certify the Class under W.VA.R.CIV.P. 23, appoint the Plaintiff as Class representative, and appoint undersigned counsel as Class Counsel;

B. An award of punitive damages for the Plaintiff and members of the Class on any claim for which they may be available for the willful, reckless, and wanton behavior of the Defendants;

C. That the Court enjoin the Defendant from, in the future, engaging in the aforementioned practice of failing to timely pay its delivery drivers for overtime work performed on ATI's behalf;

D. That the Court order the Defendant to pay damages to Plaintiff and members of the Class to the fullest extent permitted under the WPCA, including the WPCA that was in effect prior to the 2015 amendments thereto, and award the Plaintiff and members of the Class all wages due, as well as interest, liquidated damages, the cost of this proceeding, and reasonable attorneys fees, pursuant to *W.Va. Code § 21-5-6*, *W.Va. Code § 21-5-12*, and *W.Va. Code § 21-5-4*;

E. Damages available under the FLSA; and

F. Such other relief as may be just and equitable.

**The Plaintiff demands a trial by jury as to all issues so triable, on his behalf and on behalf of the Class.**

Respectfully Submitted,
RONALD MEYERS, on behalf of himself,
and all others similarly situated, by Counsel:

D. Adrian Hoosier, II (WV Bar No. 10013)
LORD HOOSIER, PLLC
225 Hale St.
Charleston, WV 25301
Telephone: (304) 345-8030
Facsimile: (304) 553-7227